IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JESSE JAMES FRANCIS** : | |
| 2025 DEMBURY DRIVE : | |
| DUNDALK, MD 21222 : | |
|     Plaintiff : | |
| : | |
|     V. : | CASE NO. 1:24-CV-02293 |
| : | |
| **UNIVERSITY OF BALTIMORE** : | |
| SERVE ON: JOYCE MILLER, MARYLAND : | |
| STATE TREASURER'S INSURANCE DIRECTOR : | |
| 80 CALVERT STREET : | |
| ANNAPOLIS, MD 21401 : | |
|     Defendant : | |

## FIRST AMENDED COMPLAINT

Plaintiff, JESSE JAMES FRANCIS, through undersigned counsel, amends his cause of action against Defendant, University of Baltimore, attaching a strike-though Copy as Addendum A, and states as follows:

## PARTIES

1. Plaintiff, Jesse James Francis, is a citizen of Baltimore County, Maryland, with a residence at 2025 Dembury Drive, Dundalk, Maryland 21222.

2. Defendant, University of Baltimore, is a public university in the state of Maryland, located at 1420 N Charles Street, Baltimore, Maryland 21202.

## JURISDICTION AND VENUE

3. Baltimore City is an appropriate venue because Defendant is located in Baltimore City, Maryland.

## PROCEDURAL BACKGROUND

4. On April 5, 2023, the State of Maryland's Treasurer's Office acknowledged receipt of

Jesse Francis' claim under the Maryland Torts Claim act.

5. More than six (6) months have passed with no resolution of the aforementioned claim.

## FACTS

6. Plaintiff, Jesse Francis ("Mr. Francis") was a student at the University of Baltimore.

7. The University of Baltimore is a public university that is part of the University System of Maryland ("the University").

8. At all relevant times, Mr. Francis was an Honor Student and a member of several campus organizations.

9. Mr. Francis is a veteran of both the United States Navy.

10. Mr. Francis suffered a traumatic brain injury and is medically retired from the United States Army.

11. Mr. Francis' tuition and fees were paid by the United States Veteran Administration.

12. On October 10, 2022, Mr. Francis was arrested by the University of Baltimore's Campus Police.

13. At the time of his arrest, Mr. Francis was in possession of a handgun.

14. At all relevant times, Mr. Francis was licensed by the state of Maryland to carry a concealed handgun and was in possession of a valid concealed carry permit issued by the state of Maryland.

15. At no relevant time was Mr. Francis prohibited from possessing or carrying a handgun.

16. The handgun in question was lawfully licensed and registered to Mr. Francis in the state of Maryland.

17. At the relevant time, the handgun policy in the student code of conduct was that only persons "authorized by law" could carry handguns on campus.

18. At no relevant time was Mr. Francis directed by the university by any means that handguns were not allowed on campus.

19. Upon information and belief, when this incident occurred, the University had not revisited its handgun policy in light of the Supreme Court decision in *New York State Rifle and Pistol Association Inc. v. Bruen*, 574 U.S. 1 (2022).

20. Subsequent to this arrest, Mr. Francis was suspended on an interim basis from the University, in part due to allegations that he was in possession of a handgun on campus on October 10, 2022.

21. On October 14, 2022, Mr. Francis appealed the aforementioned suspension and requested a hearing.

22. On October 14, 2022, Mr. Francis contacted the Dean of Students, Dr. Llatera Esters, and requested reasonable accommodations in light of his disability.

23. The accommodations requested included, but were not limited to, the ability to submit assignments electronically, as well as to be able to have access to course materials, examinations, and his professors via Zoom or some other electronic means.

24. These accommodations were never implemented, nor was the request ever responded to with any reason for the failure to accommodate Mr. Francis as he requested.

25. None of his professors, with the exception of one (1), responded to Mr. Francis' request for assignments.

26. At the same time that the administrative proceedings regarding his suspension were in process, Mr. Francis was facing criminal charges related to the underlying conduct alleged in the suspension proceedings.

27. The administrative proceedings made no provisions for outside legal counsel to participate in the proceedings, notwithstanding the pending criminal charges.

28. Mr. Francis was repeatedly counseled that if he believed he would incriminate himself, he could simply cease to challenge his suspension.

29. Parvan Purswani("Mr. Purswani"), the Director for Student Support, provided advise to Mr. Francis throughout the administrative proceedings.

30. At all times, Mr. Purswani indicated that he was to be a neutral party in the process, tasked with facilitating the hearing.

31. On December 2, 2022, an administrative hearing was held.

32. The fact finders and decision makers for the hearing was composed of faculty, staff, and students ("tribunal").

33. During the deliberation and outcome portions of the administrative hearing, the tribunal indicated that it did not believe that Mr. Francis had violated any university policy by having a handgun.

34. In fact, several members of the tribunal indicated that they had not seen the handgun policy that Mr. Francis was alleged to have broken.

35. Mr. Purswani then directed the panel to find that Mr. Francis had violated the handgun policy.

36. Mr. Purswani also advised the tribunal that neither the second amendment or any other law was relevant to their determination.

37. Following this hearing, Mr. Francis was expelled on the sole basis that he was in possession of a handgun on campus on October 10, 2022.

38. Mr. Francis appealed this decision on December 20, 2022.

39. The University upheld Mr. Francis' suspension and expulsion on the basis that he required special permission from the University police in order to carry a handgun on campus.

40. Mr. Francis received no notice of the above-referenced rule.

41. During the pendency of Mr. Francis' appeal of his suspension, he did not receive any coursework from the majority of his professors, although he requested coursework from the University and was told that he would receive it.

42. As a result, Mr. Francis failed almost every course.

43. The University did not return any monies to Mr. Francis that were paid on his behalf for his tuition and fees.

44. Mr. Francis is now temporarily prohibited from attending any other university in the university system of Maryland.

45. Mr. Francis' ability to continue his education at any other institution has been severely impacted.

46. Mr. Francis' desire to attend a graduate school, particularly law school, has also been significantly impacted.

<u><b>COUNT I: VIOLATION OF THE<br>SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES<br>CONSTITUTION</b></u>

47. Plaintiff incorporates by reference paragraphs 1-46 as if fully set forth under this Count and further alleges:

48. On October 10, 2022, Mr. Francis was a holder of a valid concealed carry permit issued by the state of Maryland.

49. A holder of a valid concealed carry permit is licensed to lawfully be in possession of a concealed handgun in the state of Maryland.

50. The handgun in question was lawfully licensed and registered to Mr. Francis in the state of Maryland.

51. The only university policy made known to Mr. Francis through the Student Code of Conduct was that he must be authorized by law to carry a handgun on campus.

52. Mr. Francis was so authorized.

53. Notwithstanding this authorization, Mr. Francis was expelled from the University.

54. Although Mr. Francis was previously an honor student, his expulsion resulted in his failing almost every course and significantly lowering his grade point average.

55. Mr. Francis is not able to graduate on schedule, attend another university in the Maryland University System, and it is significantly difficult for him to attend another university.

56. Mr. Francis lost all tuition and fees paid on his behalf, as well as his ability to receive this benefit in the future.

57. Mr. Francis is unable to attend graduate school as was his intention.

58. As a result of the actions and omissions of the Defendant, and Defendant's agents, Mr. Francis has suffered economic and non-economic damages, including, but not limited to, mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $400,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

### COUNT II: VIOLATION OF THE
### SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

59. Plaintiff incorporates by reference paragraphs 1-58 as if fully set forth under this Count and further alleges:

60. On October 10, 2022, Mr. Francis was a holder of a valid concealed carry permit issued by the state of Maryland.

61. A holder of a valid concealed carry permit is licensed to lawfully be in possession of a concealed handgun in the state of Maryland.

62. The handgun in question was lawfully licensed and registered to Mr. Francis in the state of Maryland.

63. The only university policy made known to Mr. Francis through the Student Code of Conduct was that he must be authorized by law to carry a handgun on campus.

64. Mr. Francis was so authorized.

65. Notwithstanding this authorization, Mr. Francis was expelled from the University.

66. The University upheld Mr. Francis' suspension and expulsion on the basis that he required special permission from the University police in order to carry a handgun on campus.

67. The Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

68. The requirement that students such as Mr. Francis get special permission from university police, even if already licensed by the state of Maryland to carry a handgun, is akin to the requirement that an individual show a proper cause or extraordinary circumstances in order to exercise this right.

69. Provisions such as the aforementioned provision have already been ruled by the Supreme Court to be unconstitutional.

70. In the alternative, even if the provision was valid, Mr. Francis received no notice of this provision prior to allegations that he violated it, nor was this policy posted anywhere on campus or included in the student code of conduct or any other student handbook.

71. Mr. Francis is not able to graduate on schedule, attend another university in the Maryland University System, and it is significantly difficult for him to attend another university.

72. Mr. Francis lost all tuition and fees paid on his behalf, as well as his ability to receive this benefit in the future.

73. Mr. Francis is unable to attend graduate school as was his intention.

74. As a result of the actions and omissions of the Defendant, and Defendant's agents, Mr. Francis has suffered economic and non-economic damages, including, but not limited to, mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $400,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

**COUNT III: VIOLATION OF
ARTICLES TWO AND TWENTY-FOUR OF THE
MARYLAND DECLARATION OF RIGHTS**

75. Plaintiff incorporates by reference paragraphs 1-74 as if fully set forth under this Count and further alleges:

76. On October 10, 2022, Mr. Francis was a holder of a valid concealed carry permit issued by the state of Maryland.

77. A holder of a valid concealed carry permit is licensed to lawfully be in possession of a concealed handgun in the state of Maryland.

78. The handgun in question was lawfully licensed and registered to Mr. Francis in the state of Maryland.

79. The only university policy made known to Mr. Francis through the Student Code of Conduct was that he must be authorized by law to carry a handgun on campus.

80. Mr. Francis was so authorized.

81. Notwithstanding this authorization, Mr. Francis was expelled from the University.

82. Although Mr. Francis was previously an honor student, his expulsion resulted in his failing almost every course and significantly lowering his grade point average.

83. Mr. Francis is not able to graduate on schedule, attend another university in the Maryland University System, and it is significantly difficult for him to attend another university.

84. Mr. Francis lost all tuition and fees paid on his behalf, as well as his ability to receive this benefit in the future.

85. Mr. Francis is unable to attend graduate school as was his intention.

86. As a result of the actions and omissions of the Defendant, and Defendant's agents, Mr. Francis has suffered economic and non-economic damages, including, but not limited to, mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $400,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## COUNT IV: VIOLATION OF
## ARTICLES TWO AND TWENTY-FOUR OF THE
## MARYLAND DECLARATION OF RIGHTS

87. Plaintiff incorporates by reference paragraphs 1-86 as if fully set forth under this Count and further alleges:

88. On October 10, 2022, Mr. Francis was a holder of a valid concealed carry permit issued by the state of Maryland.

89. A holder of a valid concealed carry permit is licensed to lawfully be in possession of a concealed handgun in the state of Maryland.

90. The handgun in question was lawfully licensed and registered to Mr. Francis in the state of Maryland.

91. The only university policy made known to Mr. Francis through the Student Code of Conduct was that he must be authorized by law to carry a handgun on campus.

92. Mr. Francis was so authorized.

93. Notwithstanding this authorization, Mr. Francis was expelled from the University.

94. The University upheld Mr. Francis' suspension and expulsion on the basis that he required special permission from the University police in order to carry a handgun on campus.

95. The Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

96. Article Two of the Maryland Declaration of Rights states that "the Constitution of the United States…are and shall be the Supreme Law of the State and the Judges of this State and all the People of this State are and shall be bound thereby [to] anything in the Constitution or Law of this State to the contrary notwithstanding."

97. Likewise, Article Twenty-Four of the Maryland Declaration of Rights requires Due Process of the law.

98. The requirement that students such as Mr. Francis get special permission from university police, even if already licensed by the state of Maryland to carry a handgun, is akin to the requirement that an individual show a proper cause or extraordinary circumstances in order to exercise this right.

99. Provisions such as the aforementioned provision have already been ruled by the Supreme Court to be unconstitutional.

100. In the alternative, even if the provision was valid, Mr. Francis received no notice of this provision prior to allegations that he violated it, nor was this policy posted anywhere on campus or included in the student code of conduct or any other student handbook.

101. Mr. Francis is not able to graduate on schedule, attend another university in the Maryland University System, and it is significantly difficult for him to attend another university.

102. Mr. Francis lost all tuition and fees paid on his behalf, as well as his ability to receive this benefit in the future.

103. Mr. Francis is unable to attend graduate school as was his intention.

104. As a result of the actions and omissions of the Defendant, and Defendant's agents, Mr. Francis has suffered economic and non-economic damages, including, but not limited to, mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for

$400,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

### COUNT V: VIOLATION OF ARTICLE TWENTY-FOUR OF THE MARYLAND DECLARATION OF RIGHTS

105. Plaintiff incorporates by reference paragraphs 1-104 as if fully set forth under this Count and further alleges:

106. On October 10, 2022, Mr. Francis was arrested by the University of Baltimore's Campus Police.

107. At the time of his arrest, Mr. Francis was in possession of a handgun.

108. Subsequent to this arrest, Mr. Francis was suspended on an interim basis from the University, in part due to allegations that he was in possession of a handgun on campus on October 10, 2022.

109. On October 14, 2022, Mr. Francis appealed the aforementioned suspension and requested a hearing.

110. On December 2, 2022, an administrative hearing was conducted.

111. At the same time that the administrative proceedings regarding his suspension were in process, Mr. Francis was facing criminal charges related to the underlying conduct alleged in the suspension proceedings.

112. The administrative proceedings made no provisions for outside legal counsel to participate in the proceedings, notwithstanding the pending criminal charges.

113. Mr. Francis was repeatedly counseled that if he believed he would incriminate himself, he could simply cease to challenge his suspension.

114. During the deliberation and outcome portions of the administrative hearing, the tribunal indicated that it did not believe that Mr. Francis had violated any university policy by having a handgun.

115. Mr. Purswani then directed the panel to find that Mr. Francis had violated the handgun policy.

116. Mr. Purswani also advised the tribunal that neither the second amendment or any other law was relevant to their determination.

117. The denial of counsel and directed findings to the tribunal deprived Mr. Francis of due process in the administrative proceedings.

118. Mr. Francis is not able to graduate on schedule, attend another university in the Maryland University System for a period of time, and it is significantly difficult for him to attend another university in the interim.

119. Mr. Francis lost all tuition and fees paid on his behalf, as well as his ability to receive this benefit in the future.

120. Mr. Francis is unable to attend graduate school as was his intention.

121. As a result of the actions and omissions of the Defendant, and Defendant's agents, Mr. Francis has suffered economic and non-economic damages, including, but not limited to, mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $400,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## COUNT VI: VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT
## FAILURE TO PROVIDE REASONABLE ACCOMODATIONS

122.  Plaintiff incorporates by reference paragraphs 1-121 as if fully set forth under this Count and further alleges:

123.  At all relevant times, Mr. Francis suffered from a disability as defined by 42 U.S.C. §12102, to wit, a physical impairment, namely traumatic brain injury, that substantially limited major life activities, including eating, sleeping, concentrating, thinking, communicating, and working.

124.  On October 14, 2022, Mr. Francis requested several reasonable accommodations in light of his disability.

125.  Defendant denied this request with no explanation or assertion that to provide the requested accommodation would be an undue burden.

126.  As a result of the actions and omissions of the Defendant, and Defendant's agents, Mr. Francis has suffered economic and non-economic damages, including, but not limited to, mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $400,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

A. Enter Judgment in Plaintiff's favor and against the Defendant for violation of his state and federal civil rights;

B. Declare that the Defendant's Second Amendment policy is unconstitutional;

C.  Award Plaintiff $1,600,000 in compensatory damages, including, but not limited to, lost tuition and benefits, as well as mental anguish, emotional distress, and humiliation;

D.  Award Plaintiff costs, attorney's fees, and other expenses; and

E.  For such further relief that justice might require.

## JURY TRIAL PRAYER

Plaintiff requests Trial By Jury in this matter.

Respectfully Submitted,
*/s/ Andrea D. Smith, Esq.*
_____
Andrea D. Smith, Esq., ID 20532
The Law Office of Andrea D Smith LLC
9701 Apollo Drive Suite 100
Largo MD 20772
(301) 543-9685
andrea.smith@smithlawllc.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September 2024, a copy of the foregoing was filed in accordance with the Electronic Filing requirement and Procedures as established by the United States Bankruptcy Court for the District of Maryland and served via the Court's electronic filing system on all counsels of record.

*/s/ Andrea D. Smith, Esq.*
_____
Andrea D. Smith, Esq.

.